```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Kimberly S. Holland,            :

      Plaintiff,            :

  v.                            :       Case No. 2:06-cv-0680

Jo Anne B. Barnhart,            :       JUDGE HOLSCHUH
Commissioner of Social Security,
                              :
      Defendant.

<u>ORDER</u>

    This matter is before the Court to consider <u>de novo</u> plaintiff's objections to a Report and Recommendation of the Magistrate Judge recommending that judgment be entered in favor of the defendant Commissioner.  For the following reasons, those objections will be overruled and judgment will be entered for the defendant.

    Plaintiff's primary objection is that the Magistrate Judge declined to recommend a sentence six remand.  Plaintiff had requested such a remand in order to allow the Commissioner to consider additional medical evidence concerning her fibromyalgia and back pain.  The Magistrate Judge concluded that the evidence was not new because it pre-dated the Administrative Law Judge's decision (with the exception of one record) and that plaintiff had not demonstrated good cause for her failure to submit it in a timely fashion.  In her objection, plaintiff argues that she should not be "punished" for her former counsel's failure to provide medical records to the Commissioner.

    As the case law cited in the Report and Recommendation demonstrates, this Court may order a sentence six remand only when the statutory prerequisites for such a remand have been met.  Otherwise, the Court is powerless to grant such a remedy.  One of

the statutory criteria is that there must have been good cause for the failure to submit the evidence to the Commissioner in a timely fashion.  The case law is clear that an attorney's unexplained failure to do so does not constitute good cause and therefore does not provide a basis for a sentence six remand. See Taylor v. Commissioner of Social Security, 43 Fed. Appx. 941 (6th Cir. Aug. 16, 2002); see also Cline v. Secretary of HHS, 875 F.Supp. 435, 440 (N.D. Ohio 1995).  Even when the failure is attributable to the inaction of former counsel, absent an explanation of why that counsel was unable to submit the evidence in a timely fashion, the Court cannot find that the good cause standard has been met.  See Schmidt v. Barnhart, 2003 WL 23282757 (W.D. Wisc. 2003).  No such explanation has been provided here.

For these reasons, plaintiff's objections to the Report and Recommendation of the Magistrate Judge are OVERRULED, and the Report and Recommendation is ADOPTED.  The plaintiff's statement of errors is OVERRULED, the decision of the Commissioner is AFFIRMED, and the Clerk is directed to enter judgment in favor of the defendant.


Date: December 11, 2007         **/s/ John D. Holschuh**
                                John D. Holschuh, Judge
                                United States District Court

2